**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SHOICHI MATSUMOTO, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: 4:22-cv-04014 |
| v. | § | |
| | § | |
| HOUSTON CHRONICLE PUBLISHING | § | |
| COMPANY and HEARST | § | |
| COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER AND DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendants Houston Chronicle Publishing Company and Hearst Communications, Inc.

("HCI," together with the Houston Chronicle Publishing Company, "Defendants"), by and

through their undersigned counsel, answer the Complaint for Copyright Infringement, ECF No. 1

(the "Complaint") filed in this case by Plaintiff Shoichi Matsumoto ("Plaintiff") and assert their

denials and defenses to the Complaint.

The following headings and numbered paragraphs correspond to the headings and

numbered paragraphs in the Complaint.  Except as expressly admitted in the following

enumerated Paragraphs 1-34, Defendants deny each and every allegation in the Complaint,

including allegations contained in any headings, numbered paragraphs, or in unnumbered

paragraphs of the Complaint.

The untitled first paragraph in the Complaint contains no allegations, so no response is

required.  To the extent a response is required, Defendants admit that Plaintiff seeks damages

and injunctive relief, but deny that Plaintiff is entitled to recover anything, and further deny the remaining allegations in those paragraphs.

## SUMMARY OF THE ACTION

1.      Defendants admit that Plaintiff has brought this action for copyright infringement and, except as so admitted, deny all remaining allegations in this paragraph.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied.

3.      Houston Chronicle Publishing Company is not a newspaper.  It is not a juridical entity, either.  Rather, it is an operating division of Hearst Newspapers, LLC.  Defendants deny the remaining allegations in this paragraph.

4.      Defendants assume that the paragraph on page 2 of the Complaint starting with "Defendant Hearst Communications, Inc." was intended to be paragraph numbered 4.  Assuming so, Defendant HCI admits that it is a media company, but denies the characterizations in this paragraph, and Defendants deny all remaining allegations in this paragraph.

5.      Defendants assume that the paragraph on page 2 of the Complaint starting with "Defendants Hearst Chronicle and Hearst" was intended to be paragraph numbered 5.  Assuming so, Defendants admit that Plaintiff refers to the Defendants collectively as Defendants in the Complaint and, except as so admitted, deny all remaining allegations in this paragraph.

6.      Defendants assume that the paragraph on page 2 of the Complaint starting with "Matsumoto alleges" was intended to be paragraph numbered 6.  Assuming so, Defendants admit that Plaintiff alleges that Defendants infringed his copyright, but deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

7.      Admitted.

8.      Admitted.

9.      Denied, because (i) the Houston Chronicle Publishing Company is not a juridical entity such that it may be subject to personal jurisdiction, and (ii) HCI is not subject to personal jurisdiction in Texas for this matter.

10.     Denied.

## DEFENDANTS

11.     Denied; the Houston Chronicle Publishing Company is not a Texas Corporation.

12.     Defendants assume that the paragraph on page 3 of the Complaint starting with "Hearst Communications, Inc." was intended to be paragraph numbered 12.  Assuming so, this paragraph is admitted.

## THE COPYRIGHTED WORK AT ISSUE

13.     Defendants assume that the paragraph on page 3 of the Complaint starting with "In 2018" was intended to be paragraph numbered 13.  Assuming so, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied.

14.     Defendants assume that the paragraph on page 4 of the Complaint starting with "Matsumoto registered" was intended to be paragraph numbered 14.  Assuming so, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied.

15.     Defendants assume that the paragraph on page 4 of the Complaint starting with "Matsumoto's Work is protected" was intended to be paragraph numbered 15.  Assuming so,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied.

**INFRINGEMENT BY DEFENDANTS**

17.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

18.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

19.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

20.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.

21.     Denied.

22.     Denied.

23.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

24.     This paragraph calls for a legal conclusion to which no response is required.  The allegations in this paragraph are denied.

25.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

26.     Defendants admit that this matter is not resolved.  Except as so admitted, the allegations in this paragraph are denied.

**COPYRIGHT INFRINGEMENT**

27.     Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully set forth herein.  While this paragraph fails to state any allegation of fact, to any extent it is deemed to do so, Defendants deny those allegations.

28.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

29.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

30.     This paragraph calls for a legal conclusion to which no response is required.  The

allegations in this paragraph are otherwise denied.

31.     This paragraph calls for a legal conclusion to which no response is required, and on that basis, the allegations in this paragraph are denied.

32.     Denied.

33.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, this paragraph is denied, as well.

34.     This paragraph calls for a legal conclusion to which no response is required, and therefore, the allegations in this paragraph are denied.  The allegations in this paragraph are otherwise denied.

Defendants deny any factual allegations contained in any paragraph or un-numbered heading of the Complaint, except as expressly admitted above.  Defendants also deny that Plaintiff is entitled to any of the relief requested in his prayer for judgment.

## DEFENSES

As and for separate and distinct defenses (the statement of a defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff), each of the Defendants alleges as follows:

### First Defense (Fair Use)

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use because, among other reasons, the photograph at issue was used for newsworthy purposes, and there was no effect upon Plaintiff's market for the photograph at issue.

## Second Defense (No Willfulness)

Any infringement by Hearst was innocent, inadvertent, and not willful.

## Third Defense (License)

Plaintiff's claim is barred because he expressly and/or impliedly licensed the photograph at issue for use by Hearst.

## Fourth Defense (Failure to Mitigate)

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages, if any.  To the extent Plaintiff is claiming that his losses have been affected by the scope of Defendants' displays of the works at issue, then Plaintiff failed to bring these allegedly infringing uses to Defendants' attention in a timely manner, thereby failing to mitigate his damages.

## Fifth Defense (No Actual Damages)

Plaintiff has suffered no actual damages.

## Sixth Defense (No Personal Jurisdiction)

Plaintiff has not pleaded facts sufficient to support an exercise of personal jurisdiction over all Defendants, and not all Defendants are subject to personal jurisdiction.

*[signature block on next page]*

Dated: January 27, 2023                    Respectfully Submitted,

/s/ Ravi V. Sitwala
Ravi V. Sitwala
(U.S.D.C. S.D. Tex. Bar No. RS2140)
(N.Y. State Reg. No. 4359899)
Nathaniel S. Boyer, *pro hac vice* forthcoming
(N.Y. State Reg. No. 4801312)
THE HEARST CORPORATION
    Office of General Counsel
300 W. 57th Street
New York, NY 10019
(212) 649-2006
(646) 280-2006 (fax)
rsitwala@hearst.com
nathaniel.boyer@hearst.com

*Attorneys for Defendants Houston Chronicle*
*Publishing Company and Hearst*
*Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive electronic service.

/s/ Ravi V. Sitwala
Ravi V. Sitwala
